# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUDELL DICKERSON,**

    **Petitioner**

v.                                                    **Civil Action No. 2:11cv2**
                                                      **(Judge Bailey)**

**KUMA DEBOO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus action on January 5, 2011. [Dckt. 1] In the petition, the petitioner seeks credit on his federal sentence for time served in state custody. Id. at 6-7. Specifically, the petitioner asserts that he is entitled to credit on his federal sentence for time spent in state custody after his federal sentence was imposed.[1] Id. at 6.

On January 14, 2011, after the petitioner paid the required $5.00 filing fee [dckt. 5], the undersigned conducted a review of the petition, determined that summary dismissal was not warranted at that time, and directed the respondent to show cause why the petition should not be granted. [Dckt. 6] The respondent filed a Motion to Dismiss, or in the Alternative, Motion for

---

[1] The petitioner was arrested by state authorities on April 19, 2007. [Dckt. 9 at 2] On May 15, 2007, he was borrowed by the United States Marshal Service pursuant to a Federal Writ of Habeas Corpus to answer federal charges. Id. On November 26, 2007, the petitioner was sentenced by federal authorities to a 65-month term of imprisonment. That same day, he was returned to state authorities. Id. On January 4, 2008, the petitioner was sentenced by state authorities to a 1 to 10 year term for Grand Larceny, and a 1 to 3 year term for Attempt to Commit a Felony. Id. The petitioner's state sentences were ordered to run concurrent to his federal sentence. Id. The petitioner served his state sentence and was released to federal authorities on March 25, 2009. Id. at 3. The petitioner's sentence was original computed as commencing on that date. Id.

Summary Judgment, on February 11, 2011. [Dckt. 8] In the motion, the respondent asserts that upon receipt of the petition, the Bureau of Prisons ("BOP") conducted a review of the petitioner's sentence computation and determined that a *nunc pro tunc* designation was appropriate. [Dckt. 9 at 3] As a result, the petitioner's sentence was recalculated as commencing on November 26, 2007, the date his federal sentence was imposed.[2] Id. Because a federal sentence cannot be commenced any earlier than the date on which it was imposed,[3] the respondent asserts that the petitioner has received all of the credit to which he is entitled, and that the petition should be dismissed. Id. at 4.

On February 14, 2011, the Court issued a Roseboro Notice, advising the petitioner of his right to file a response to the respondent's motion. [Dckt. 10] The petitioner filed a Response in Opposition on March 28, 2011. [Dckt. 14] In his response, the petitioner concedes that the BOP has awarded him the credit he seeks, yet asserts that the respondent's motion should be denied as frivolous. Id. at 1.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In the petition, the petitioner seeks credit on his federal sentence for time served in state custody after the imposition of his federal sentence. After the filing of the petition, the BOP has

---

[2] As set forth in footnote 1, *infra*, the BOP had originally commenced the petitioner's federal sentence on March 25, 2009, the date on which he was released to federal custody. [Dckt. 9 at 3]

[3] See 18 U.S.C. § 3585(a); United States v. McLean, 1989 WL 5457 *1 (4th Cir. Jan. 13, 1989) (unpublished).

reviewed the petitioner's sentence computation, and has recalculated his sentence as commencing on the date it was imposed. The petitioner admits that such recalculation credits his sentence in the manner in which he requested in his petition. [Dckt. 14 at 1] Thus, it appears that there is no viable legal issue left for the court to resolve. That being the case, the respondent's motion to dismiss [dckt. 8] should be **GRANTED** and the petitioner's § 2241 petition [dckt. 1] **DISMISSED** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections as set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon this recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 5, 2011.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

3